# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANGREA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-139-D |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| VIANMAR G. PASCUAL, M.D., and | ) | |
| LAWTON INDIAN HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are motions to dismiss filed by Defendant United States of America [Doc. No. 7] and Defendant Lawton Indian Hospital [Doc. No. 9]. Plaintiff Angrea Williams has responded to both motions [Doc. Nos. 10, 14] and Defendants have replied [Doc. Nos. 13, 19]. The matter is fully briefed and at issue.[1]

## BACKGROUND

This matter stems from Plaintiff's allegations of negligent care and treatment by Dr. Vianmar Pascual at the Lawton Indian Hospital (LIH). The following facts are taken from the Complaint and viewed in the light most favorable to Plaintiff. *Ute Indian Tribe of the Uintah v. Myton*, 835 F.3d 1255, 1261 (10th Cir. 2016). Plaintiff was admitted to LIH for a planned laparoscopic cholecystectomy (removal of the

---

[1] Plaintiff also submitted a supplemental response to the United States' motion to dismiss [Doc. No. 25], to which the United States replied [Doc. No. 26].

gall bladder). After her discharge, she returned to LIH with complaints of severe upper abdominal pain. Plaintiff was diagnosed with a possible duct injury and released. Plaintiff, however, continued to experience severe abdominal pain and went to the emergency room at Comanche County Memorial Hospital. A scan revealed that she had free fluid in her abdomen and elevated bilirubin levels of 4.7. Plaintiff was admitted to the hospital, where it was discovered she had sustained injuries to her biliary tree (liver, gall bladder, and bile ducts). She is now a candidate for a liver transplant.

Plaintiff alleges the surgery perforated her ducts, which caused gross contamination of her abdominal cavity and liver. Plaintiff alleges Defendants were negligent in that: (1) Defendants failed to provide and/or maintain adequate facilities, equipment and procedures; (2) Defendants failed to exercise their responsibility to obtain consent and exercise due care to prevent Plaintiff's permanent injuries; and (3) Defendants' treatment fell below the applicable standards of care. Plaintiff also contends the doctrine of *res ipsa loquitur* is applicable to her allegations. For relief, Plaintiff asserts claims for pain and suffering, mental anguish, loss of earnings, permanent impairment, reasonable expenses of necessary medical care, and all other damages available under law.

The United States contends Plaintiff's Complaint should be dismissed for four reasons: (1) Plaintiff has failed to state a plausible claim for negligence; (2) Plaintiff

did not attach an "affidavit of merit" to her Complaint, as required under Oklahoma law; (3) insufficient service of process; and (4) failure to exhaust administrative remedies. LIH contends the Complaint should be dismissed because (1) it has sovereign immunity and (2) Plaintiff failed to attach the aforementioned "affidavit of merit" to her Complaint.

### STANDARD OF DECISION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the Tenth Circuit has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

The Tenth Circuit has further noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *See id*. (quoting *Robbins*, 519 F.3d at 1248). "Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.' " *Id*. (quoting *Robbins*, 519 F.3d at 1247). Accordingly, in deciding *Twombly* and *Iqbal*, there remains no indication the Supreme Court "intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191 (citing *Iqbal*, 556 U.S. at 678). It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also al–Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden."). Lastly, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1191 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).

Where dismissal is granted for failure to state a claim, the Court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. Leflore County, Okla*., 712 F.2d 444, 446 (10th Cir. 1983). Leave to amend is not automatic and may be properly denied where an amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2004). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004) (internal quotation marks omitted).

A motion to dismiss for lack of subject matter jurisdiction generally attacks the complaint's allegations in one of two ways: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted). A facial attack questions the sufficiency of the complaint's allegations, and a factual attack questions the facts used to support the complaint's allegations. *Id*. at 1002-03. Here, LIH has made a facial attack in that it contends Plaintiff has wrongfully named it a defendant to this action and that the only proper defendant is the United States.

**DISCUSSION**

## I.   SOVEREIGN IMMUNITY

Sovereign immunity is ordinarily a threshold jurisdictional issue that affects a court's authority to hear the merits of a case. *Starkey ex rel. A.B. v. Boulder County Social Services*, 569 U.S. 1244, 1259-60 (10th Cir. 2009). Accordingly, the Court addresses this issue first. "The concept of sovereign immunity means that the United States cannot be sued without its consent." *Iowa Tribe of Kansas and Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992)). Courts lack subject matter jurisdiction over a claim against the United States where sovereign immunity has not been waived. *Id*. "Consequently, plaintiffs may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim." *Id*. (citations omitted).

The Federal Tort Claims Act (FTCA or the Act) is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain torts of federal employees acting in the scope of their employment. *See* 28 U.S.C. § 1346(b); *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). To this end, "[t]he United States is the only proper defendant in an FTCA action." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting

6

*Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001)); *Hernandez v. United States*, 34 F. Supp. 3d 1168, 1176 (D. Colo. 2014) ("Congress has explicitly provided that the only proper party in an action under the FTCA is the United States[.]") (citations omitted).

Plaintiff concedes her action should only be against the United States and has requested leave to amend her complaint to assert her claim only against the United States *ex rel.* the United States Department of Health and Human Services. LIH's motion on this issue is granted, as it and Dr. Pascual are not proper parties under the FTCA.

## II.  ADMINISTRATIVE EXHAUSTION

"[A]s a prerequisite to suit under the [FTCA,] ... the claim [must] first be presented to the appropriate federal agency and be finally denied by the agency. This requirement is jurisdictional and cannot be waived." *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977). As with sovereign immunity, subject matter jurisdiction is a threshold consideration. *Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1254 (10th Cir. 2015).

The United States contends Plaintiff did not exhaust her administrative remedies for any theory of liability other than Dr. Pascual's alleged negligence. In order to provide adequate notice to the appropriate agency under the FTCA, a claimant must file "(1) a written statement sufficiently describing the injury to enable

the agency to begin its own investigation, and (2) a sum certain damages claim."

*Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991);

*see also Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th

Cir. 2005). This notice provision merely requires that a claimant provide minimal

notice that gives the agency written notice of her claim sufficient to enable it to

investigate and place a value on the claim. *Byrne v. United States*, 804 F.Supp. 577,

581 (S.D.N.Y. 1992).

The Court finds Plaintiff's administrative claim provided adequate, minimal

notice to investigate the circumstances of her alleged injuries. "[T]he FTCA only

imposes on claimants the burden of providing notice, not the burden of

substantiating claims." *Tookes v. United States*, 811 F. Supp. 2d 322, 331 (D.D.C.

2011) (citing *GAF Corp. v. United States*, 818 F.2d 901, 921-22 (D.C. Cir. 1987)).

"The claimant need not even provide explicit notice to the government of all theories

of liability underlying a claim, so long as the government's investigation of one

claim revealed, or a reasonably prudent investigation would have revealed, other

theories of liability." *Id.* (citing *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir.

1980)).[2]

---

[2] *See also Sovulj v. United States*, No. 98-CV-5550, 2003 WL 21524835, at *2
(E.D.N.Y. July 2, 2003) ("Although general statements of liability will not suffice
to give notice, the weight of authority holds that the notice requirement should be
interpreted leniently and that the information included in the notice need not be
extensive.") (internal citations omitted).

Plaintiff's administrative claim alleges her surgery was negligently performed and provides the approximate dates of treatment. Moreover, the allegations set forth in Plaintiff's notice and her Complaint are consistent. In the Court's view, the administrative claim contained enough factual detail to conduct an investigation and make a determination as to the merits of Plaintiff's claim. Accordingly, on this issue, the United States' Motion to Dismiss is denied.

## III.  NEGLIGENCE

For substantially the same reasons set forth above, the Court finds Plaintiff has stated a plausible claim for negligence. Oklahoma law[3]  requires Plaintiff to establish proof of the following three elements to support a claim of medical negligence: (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly exercise or perform that duty and (3) plaintiff's injuries proximately caused by the defendant's failure to exercise the required duty of care. *Nelson v. Enid Medical Associates, Inc*., 2016 OK 69, ¶ 8, 376 P.3d 212, 216.[4] Plaintiff's Complaint alleges that she was admitted to LIH to have her gall bladder removed, and in the course of treatment, her ducts were perforated, resulting in gross

---

[3] Under the FTCA, the legal issues are to be decided in accordance with the place where the acts or omissions giving rise to the claim occurred, here, Oklahoma. *See* 28 U.S.C. § 1346(b)(1); *Trentadue*, 397 F.3d at 862.

[4] The *Nelson* court noted that the elements of a negligence claim and medical malpractice claim were identical.

contamination of her abdominal cavity and liver. As noted above, even in this post *Twombly/Iqbal* era, it remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court finds that Plaintiff's allegations provided fair notice of her negligence claim and the supporting facts. The United States' motion on this ground is denied.[5]

## IV.   AFFIDAVIT OF MERIT

Defendants contend that Plaintiff's Complaint should be dismissed, as she had not obtained an "affidavit of merit" prior to filing her lawsuit. Plaintiff initially responded to Defendants' motion by contending § 19.1 was unconstitutional. However, Plaintiff has since obtained an affidavit which she contends complies with § 19.1. *See* Doc. No. 25. Plaintiff contends this renders Defendants' motions moot on this issue. However, the sufficiency of Plaintiff's Complaint is determined by its allegations at the time of filing, and Plaintiff's post-filing inclusion of the affidavit

---

[5] Although the Court denies Defendant's motion on this issue, it must be noted that Plaintiff's reliance on the doctrine of *res ipsa loquitur* is insufficient to state a claim, since the doctrine is not a separate tort or cause of action, but an evidentiary doctrine. *See Wheeler v. Koch Gathering Systems, Inc*., 131 F.3d 898, 903 (10th Cir. 1997); *Martinez v. CO2 Services, Inc*., 12 F. App'x 689, 692 n. 2 (10th Cir. 2001).

has no bearing on the sufficiency of her Complaint. Plaintiff, however, will be permitted to submit an amended complaint accompanied by her affidavit.[6]

## V. SERVICE OF PROCESS

Rule 4(i) of the Federal Rules of Civil Procedure provides:

**(1)**  *United States*. To serve the United States, a party must:

**(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk - or

> **(ii)**  send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

*Id*. Plaintiff did not comply with the requirement that she serve the United States. She neither delivered a copy of the summons and complaint to the United States Attorney for the Western District of Oklahoma, nor send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's office. Rather, Plaintiff served the Office of General Counsel for the Department of Health and Human Services. Accordingly, the United States contends the Complaint should

---

[6] The Court makes no determination on the constitutionality of § 19.1, since Plaintiff has implicitly abandoned her argument on this issue, as evidenced by her submission of an affidavit of merit.

be dismissed for insufficient service of process. Courts, however, have held Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Insurance Co*., 902 F.2d 897, 900 (11th Cir. 1990) (quoting *United Food & Commercial Workers Union v. Alpha Beta Co*., 736 F.2d 1371, 1382 (9th Cir. 1984)). The Court finds that the defects in Plaintiff's service of the complaint have not prejudiced Defendant (as evidenced by its responsive pleadings) and are therefore harmless error.

## CONCLUSION

Defendant United States' Motion to Dismiss [Doc. No. 7] is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. Defendant Lawton Indian Hospital's Motion to Dismiss is **GRANTED** [Doc. No. 9] as set forth herein. Plaintiff's Complaint is dismissed without prejudice to refiling. Plaintiff shall file her amended complaint within **fourteen (14) days** of this order.

**IT IS SO ORDERED** this 31st day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE