# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANGREA WILLIAMS, )
)
       Plaintiff, )
)
    v. )    Case No. CIV-16-139-D
)
UNITED STATES OF AMERICA, )
)
       Defendant. )

## <u>ORDER</u>

Before the Court is the government's Motion for a More Definite Statement [Doc. No. 29]; Plaintiff has filed her response in opposition [Doc. No. 30]. The matter is fully briefed and at issue.

## DISCUSSION

Plaintiff was admitted to Lawton Indian Hospital (LIH) for removal of her gall bladder. After the surgery was completed, Plaintiff returned to the hospital with complaints of severe abdominal pain. Plaintiff alleged the surgery perforated her biliary organs, which caused gross contamination of her abdominal cavity and liver, thereby necessitating a liver transplant. Plaintiff brought the instant suit, alleging the medical staff at LIH was negligent in that it: (1) failed to provide and/or maintain adequate facilities, equipment and procedures; (2) failed to exercise its responsibility to obtain consent and exercise due care to prevent Plaintiff's permanent injuries; and (3) its treatment of Plaintiff fell below the applicable standards of care.

On March 31, 2017, the Court granted, in part, the defendants' Motions to Dismiss. Specifically, the Court found that (1) Defendants Lawton Indian Hospital and Dr. Vianmar Pascual were not proper parties under the Federal Tort Claims Act (FTCA); (2) Plaintiff exhausted her administrative remedies; (3) Plaintiff stated a plausible claim for negligence; (4) Plaintiff's post-filing inclusion of an "affidavit of merit" did not render her Complaint sufficient; and (5) the government was not prejudiced by Plaintiff's failure to follow the requirements of Rule 4(i), Federal Rules of Civil Procedure, which governed service of process on the United States. Plaintiff was granted leave to file an amended complaint in accordance with the foregoing rulings, and on April 13, 2017, Plaintiff file her First Amended Complaint [Doc. No. 28] wherein she repeated the aforementioned allegations, *See id.* at ¶¶ 23-25, to wit:

23.  Defendant was negligent in that its agents, employees or servants failed to provide and/or maintain adequate facilities, equipment and/or procedures undertaken on Angrea Williams.

24.  Defendant was negligent in that its agents, employees or servants failed to exercise their responsibility to obtain consent and due care to prevent Plaintiff's permanent injuries.

25.  The Defendant provided either assistance in and for the procedures undertaken or personnel for assistance in and for the procedures undertaken on Angrea Williams, whose care and treatment fell below the applicable standards of care.

Pursuant to Rule 12(e), the United States has moved for a more definite statement. It contends that in light of Plaintiff's allegations, the primary focus of its

2

investigation was Dr. Pascual's performance during the surgery and the Complaint, as amended, is so "vague and ambiguous the United States cannot adequately respond." Mot. at 3. In its words, the government contends that "[t]he FTCA encompasses a number of exceptions to waiver of sovereign immunity that may be implicated depending on the nature of Plaintiff's allegations. Furthermore, at this point it is impossible to know whether the United States should or could join a third party, a question that could likewise be answered by more specific allegations." *Id*.

"Motions for a more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response." *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002) (citing *Resolution Trust Corp. v. Thomas*, 837 F.Supp. 354, 355 (D. Kan. 1993)); *Atherton v. Norman Public School Dist.*, No. CIV-11-1280-M, 2012 WL 1438972, at *1 (W.D. Okla. Apr. 25, 2012). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Shaffer, supra*.

As stated in its previous Order, the Court has found the Complaint's allegations give Defendant adequate notice of the negligence claims against it and the grounds upon which they rest. The areas of concern identified in Defendant's Motion are topics the parties can explore and identify during discovery. *See, e.g.,*

*U.S. E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012) ("The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail. Where the complaint is specific enough to appraise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied.") (internal citations omitted). Accordingly, Defendant's request for a more definite statement is denied.

## CONCLUSION

Accordingly, Defendant's Motion for More Definite Statement [Doc. No. 30] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this **21st** day of June 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE